William R. COLLINS, Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.

No. 03–7133.

United States Court of Appeals, Federal Circuit.

DECIDED: Nov. 17, 2003.

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

William R. Collins ("Collins") appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the August 7, 2001 decision of the Board of Veterans' Appeals ("Board") that denied an earlier effective date for a 40% rating for his service-connected duodenal ulcer and denied an earlier effective date for his service-connected schizophrenia. *Collins v. Principi,* No. 01–1349 (Vet.App. May 9, 2003). We have reviewed Collins' arguments but conclude they are within the general preclusion of this court's review of the Veterans Court's factual determinations or its application of law to facts. Because no other basis of jurisdiction has been established, the appeal is *dismissed.*

Collins was in active service in the United States Army from October 1974 to October 1976. In April 1978, he filed an informal claim for service connection for ulcers. In July 1978, a VA regional office ("RO") granted service connection for ulcers, rated as 10% disabling. Shortly thereafter, Collins filed a Notice of Disagreement as to the 10% disability rating. In December 1978, the Board found that he was entitled to a 20% rating. The RO decision implementing the Board's decision assigned April 1978 as the effective date. In April 1996, he submitted a claim to reopen his duodenal ulcer claim. Service connection for dumping syndrome as part of Collins' service-connected duodenal ulcer was granted in a June 1997 rating decision. The effective date of the award for a 40% rating for his combined conditions was April 1996, the date he filed the claim to reopen.

Collins applied for service connection for a psychiatric or nervous condition in 1982. That claim was denied in July 1982. He did not appeal. In 1986, Collins attempted to reopen this claim. His request to reopen was denied in a June 1990 RO decision. In March 1991, in response to the issuance of a Statement of the Case, Collins filed VA Form 9 in which he stated that he "d[id] not want a[n] increase in service[-]connected disability," was not pursuing claims to establish service connection, and has "never ask[ed] for service connect[ion] at any time" for his mental condition. Rather, he stated that he was only seeking non-service-connected pension benefits. The June 1990 decision was not appealed and became final.

In August 1992, Collins attempted to reopen his claim to establish service connection for a psychiatric condition. The RO awarded service connection for schizophrenia in May 1998. The date he sought reopening, August 7, 1992, was determined to be the proper effective date for that award. Collins appealed that effective date decision to the Board. The Board found that Collins had withdrawn his Notice of Disagreement as to the June 1990 RO decision and then concluded that Collins was not entitled to an effective date earlier than the dates of reopening for either schizophrenia or the 40% rating for his duodenal ulcer. Collins appealed this decision to the Veterans Court, arguing that he did not withdraw his Notice of Disagreement as to the June 1990 RO decision. The Veterans Court found that

the Board had neither erred in its fact finding nor its application of the applicable law to facts and affirmed the Board's decision.

Our jurisdiction in reviewing Veterans Court's decisions is limited. 38 U.S.C. § 7292 provides:

§ 7292. Review by United States Court of Appeals for the Federal Circuit (a) After a decision of the United States Court of Appeals for Veterans Claims is entered in a case, any party to the case may obtain a review of the decision with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation (other than a refusal to review the schedule of ratings for disabilities adopted under section 1155 of this title) or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision. . . .

(d)(2) Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.

38 U.S.C. § 7292.

Collins' appeal does not satisfy the grounds for invoking this court's jurisdiction. The Board decision which Collins appealed to the Veterans Court decided the issue of whether Collins, in March 1991, withdrew his Notice of Disagreement with a June 1990 regional office decision. The Board found that Collins, in his March 1991 filing, had withdrawn his Notice of Disagreement as to his ulcer claim and had stated in "emphatic terms" that he was not claiming service connection for his mental condition. The Veterans Court held that Collins failed to establish that the Board had erred in its factual findings or that it had improperly applied the applicable law.

That decision did not involve the validity or interpretation of a statute or regulation or a rule of law, and Collins has raised no discernible legal issue that could provide a basis for this Court's jurisdiction. Collins' appeal is therefore not within this court's jurisdiction. Accordingly, the appeal is dismissed for lack of jurisdiction.